```
              IN THE UNITED STATES DISTRICT COURT
           FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JOSEPH A. KATARINCIC and     )
JEAN D. KATARINCIC           )
     Plaintiff,              )
                             )
     v.                      )    Civil Action No. 09-1561
                             )
GENWORTH LIFE INSURANCE CO.  )
     Defendant.              )
```

MEMORANDUM AND ORDER

Gary L. Lancaster,
Chief Judge.                                February    2010

This is an action seeking coverage under a long-term care insurance policy. Plaintiffs, Joseph and Jean Katarincic, filed suit in the Court of Common Pleas of Allegheny County, seeking declaratory judgment and an order enjoining defendant, Genworth Life Insurance Co., from denying the existence of their policy. Defendant removed the case to this court, relying on diversity jurisdiction.

Before the court is plaintiffs' motion to remand this matter back to state court [Doc. No. 2]. Plaintiffs argue defendant has not shown that the amount in controversy exceeds $75,000, the amount required for diversity jurisdiction. 28 U.S.C. §§ 1332(a), 1447. Defendant responds that plaintiffs' claims satisfy the amount in controversy requirement because the insurance policies provide "potentially unlimited monetary benefits to Plaintiffs." [Doc. No. 9].

For the reasons to follow, we will grant plaintiffs' motion to remand.

## I. BACKGROUND

In their original complaint, plaintiffs alleged that fifteen years ago, they purchased two long term care insurance polices from defendant. Plaintiffs paid their combined annual premiums of $4,480 until 2009, when defendant canceled their policies for non-payment of premiums. Plaintiffs sought declaratory judgment and injunctions restraining defendant from denying the existence of the insurance plan. Defendant responded by filing a notice of removal seeking to avail itself of this court's diversity jurisdiction. 28 U.S.C. § 1332(a).

Plaintiffs are citizens of Pennsylvania. Defendant is a corporation organized and existing under the laws of Delaware and having its principal place of business in Richmond, Virginia. Therefore, there is complete diversity.[1] However, plaintiffs contend that the court must grant their motion to remand because the amount in controversy is purely speculative and does not exceed $75,000. Defendant contends that because its potential liability under the policy is "unlimited," the amount in controversy requirement is satisfied.

## II. APPLICABLE LAW

As a general matter, the removal statute, 28 U.S.C. §

---

[1] Plaintiffs' contend that defendant never properly alleged that there was completely diversity of parties. However, after reviewing the record, we find that there is complete diversity between the parties.

2

1441, must be strictly construed to honor Congress' intent to restrict federal diversity jurisdiction. Samuel-Bassett v. KIA Motors Amer., Inc., 357 F.3d 392, 396 (3d Cir. 2004) ("28 U.S.C. § 1441 is to be strictly construed against removal."). Doubts about jurisdiction must be resolved in favor of remand. Id. at 403; Boyer v. Snap-On Tools Corp., 913 F.2d 108, 111 (3d Cir. 1990). This policy "has always been rigorously enforced by the courts." St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 288 (1938).

When, as in this case, the parties are citizens of different states, a federal court will exercise jurisdiction over a removed case if the amount in controversy exceeds $75,000. 28 U.S.C. §§ 1332(a), 1447. Because defendant seeks to avail itself of this Court's jurisdiction, defendant has the burden of proving the jurisdictional amount in controversy. Meritcare Inc. V. St. Paul Mercury Insur. Comp., 166 F.3d 214, 222 (3d Cir. 1999). The Court of Appeals for the Third Circuit has stated that defendant must "show to a legal certainty that the amount in controversy exceeds the statutory minimum." Samuel-Bassett at 398.

### III. DISCUSSION

Generally, in determining the amount in controversy, we consider only the amount as alleged in plaintiffs' complaint. Angus v. Shiley Inc., 989 F.2d 142, 145 (3d Cir. 1993). Here, however,

plaintiffs seek equitable and declaratory relief.[2]  In such a case, the amount in controversy for purposes of § 1332 is the "value of the object of the litigation."  <u>Hunt v. Washington State Apple Advertising Commission</u>, 432 U.S. 333, 347 (1977); <u>see also</u> <u>Angus v. Shiley, Inc.</u>, 989 F.2d 142, 146 (3d Cir. 1993) (stating that when a complaint "does not limit its request for damages to a precise monetary amount, the district court properly made an independent appraisal of the value of the claim.").  Apart from the complaint, the court may look to the notice of removal, stipulations, and any discovery evidence to determine the value of the claim at issue.  <u>The Bachman Co. v. MacDonald</u>, 173 F.Supp. 2d 318, 323 (E.D. Pa. 2001).

    Defendant argues the amount in controversy requirement is satisfied because plaintiffs' policies "have no coverage limits.  As [defendant] would provide unlimited lifetime payment benefits, the amount in controversy in the instant case is far in excess of $75,000."  However, such a claim is nothing more than conjecture, and "we will not ordinarily consider such speculative arguments in determining the amount in controversy."  <u>Columbia Gas Transmission</u>

---

[2] Plaintiffs also request an unspecified award of "appropriate costs and expenses."  Attorneys' fees and costs are generally not included in the calculation of amount in controversy, unless a plaintiff can recover such fees and costs under a specific statute.  <u>Suber v. Chrysler Corp.</u>, 104 F.3d 578, 585 (3d Cir. 1997).  Plaintiffs never requested a specific dollar amount of damages.

4

Corp. v. Tarbuck, 62 F.3d 538, 543-44 (3d Cir. 1995) (citing Kheel v. Port of New York Auth., 457 F.2d 46, 49 (2d Cir. 1972) ("[T]he jurisdictional test is applicable to that amount that flows directly and with a fair degree of probability from the litigation, not from collateral or speculative sources.")). As plaintiffs argue, it is possible that the policies will never actually go into effect, should they not need long term care. Nor are the terms of the plan clear to the court, such as the conditions under which it would begin paying benefits. Defendants submit nothing to show what comparable plans have cost. Instead, defendant relies completely on its unsubstantiated assertion that the policies offer "potentially" unlimited monetary benefit for plaintiffs.[3]

In conclusion, based on the record, the court has no way of ascertaining whether the value of the object of the litigation exceeds the $75,000 jurisdictional minimum. It is defendant's burden to show to a legal certainty that the amount in controversy exceeds $75,000. Because defendant has failed to meet that burden, the court will grant plaintiffs' motion to remand.

An appropriate Order follows.

---

[3] Furthermore, nowhere in their complaint did plaintiffs seek compensatory or punitive damages. Nor do plaintiffs seek the return of the premiums they paid. Even if they did, the amount paid in premiums over fifteen years, roughly $66,000, does not exceed the $75,000 jurisdictional minimum.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOSEPH A. KATARINCIC and<br>JEAN D. KATARINCIC<br>    Plaintiff,<br><br>    v.<br><br>GENWORTH LIFE INSURANCE CO.<br>    Defendant. | )<br>)<br>)<br>)<br>)  Civil Action No. 09-1561<br>)<br>)<br>) |

## ORDER

AND NOW, this 3rd day of February, IT IS HEREBY ORDERED that plaintiff's Motion to Remand [Doc. No. 2] is GRANTED. The case will be remanded back to the Court of Common Pleas of Allegheny County.

BY THE COURT:

_____, C.J.

cc:  All Counsel of Record